**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STANLEY M. ARTIS,
         Appellant,

      v.

NATIONAL AERONAUTICS AND
   SPACE ADMINISTRATION,
         Agency.

DOCKET NUMBER
DC-0432-19-0522-I-1

DATE: May 22, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Pierre L. Ifill, Esquire, Savannah, Georgia, for the appellant.

Shari R. Feinberg, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his demotion appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

Effective November 12, 2017, the agency demoted the appellant from his GS-15, Supervisory Information Technology Specialist position to a GS-14, Printing Officer position. Initial Appeal File (IAF), Tab 4 at 37-38, 40. The appellant, through his attorney representative, filed an appeal of his demotion with the Board, and he requested a hearing. IAF, Tab 1.

In an Acknowledgment Order, the administrative judge apprised the parties of the Board's discovery procedures. IAF, Tab 3 at 3-4. In a later order, the administrative judge set forth the date by which prehearing submissions were to be received and the dates on which a prehearing conference and a hearing were to be held. IAF, Tab 8. The agency moved to postpone such dates due to a witness's unavailability to attend the scheduled hearing and the agency's anticipation that discovery would not be completed within the expected time period. IAF, Tab 9. The administrative judge granted the agency's motion and rescheduled the hearing for September 13, 2019, and the prehearing conference for August 29, 2019, and he extended the due date for prehearing submissions to August 27, 2019. IAF, Tab 10. The administrative judge further informed the parties that he would be suspending case processing for 30 days beginning on July 9, 2019, and that case processing would resume on August 8, 2019. *Id.*

On July 30, 2019, the agency filed a motion to compel the appellant to submit to a deposition on August 20, 2019, or on five alternative dates in August 2019. IAF, Tab 11 at 4. The agency included an email dated July 23, 2019, in which the appellant's representative conveyed to the agency that he would be taking an extended leave of absence due to his brother's death and that the appellant would not be available for a deposition until mid-September 2019. *Id.* at 26. In a Preliminary Status Conference Order dated July 30, 2019, the administrative judge scheduled a status conference for August 2, 2019, to discuss the appellant's alleged unavailability until mid-September. IAF, Tab 12. Neither

the appellant nor his representative attended the status conference. IAF, Tab 13 at 1.

In an Order and Summary of Telephonic Status Conference, the administrative judge ordered the appellant's representative to contact the regional office by August 9, 2019, to explain his own alleged unavailability and how he would be able to complete discovery and to be prepared for the September 13, 2019 hearing. *Id.* After the appellant's representative failed to contact the regional office by August 9, 2019, the administrative judge issued an order directing the appellant to show cause why the appeal should not be dismissed for failure to prosecute. IAF, Tab 14. The administrative judge warned the appellant that, if the regional office did not receive his response presenting good cause for his failure to comply with the Board's orders and procedure by August 16, 2019, the hearing would be canceled and the appeal dismissed. *Id.* at 2. Neither the appellant nor his representative responded. IAF, Tab 15, Initial Decision (ID) at 3. Without holding the requested hearing, the administrative judge issued an initial decision on August 19, 2019, that dismissed the appeal for failure to prosecute. ID at 1, 4.

The appellant, through his attorney representative, has filed a petition for review challenging the dismissal of the appeal for failure to prosecute. Petition for Review (PFR) File, Tab 1 at 1-4. The agency has filed a response in opposition. PFR File, Tab 3 at 4-5, 13-18.

## DISCUSSION OF ARGUMENTS ON REVIEW

The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011); 5 C.F.R. § 1201.43(b). Such a severe sanction should be imposed only if a party has failed to exercise basic due diligence in complying with the Board's orders or has exhibited negligence or bad faith in its efforts to comply. *Williams*, 116 M.S.P.R. 377, ¶¶ 7-8; *see Toombs v. Department of the*

*Army*, 69 M.S.P.R. 78, 81 (1995) (observing that dismissal for failure to prosecute is the most severe sanction available). A party's repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams*, 116 M.S.P.R. 377, ¶ 9. The Board will not reverse an administrative judge's determination regarding sanctions absent an abuse of discretion. *Id.*, ¶ 7.

Here, in deciding to dismiss the appeal for failure to prosecute, the administrative judge found that the appellant failed to participate in the discovery process in accordance with the Acknowledgment Order, to attend the August 2, 2019 status conference, to contact the Board's office in accordance with the Order and Summary of Telephonic Status Conference, and to respond to the Order to Show Cause. ID at 3-4. The administrative judge further found that the appellant has demonstrated an intent to abandon his appeal and a willful refusal to comply with the Board's orders and processes. *Id.*

On petition for review, the appellant's representative argues that he had been actively engaged in the discovery process until his brother died, after which he was not mentally or emotionally stable to provide legal counsel or advocate on the appellant's behalf. PFR File, Tab 1 at 3. The appellant's representative further claims that he could not check his emails due to his mental and emotional state. *Id.* at 2. Moreover, he asserts that the agency was aware that he would be taking a leave of absence due to his brother's death and that he requested the agency's consent to extend all deadlines in this matter. *Id.* at 2-3.

For the first time on review, the appellant's representative has submitted a sworn affidavit in which he contends the following: his brother was killed on July 12, 2019; he sent the agency an email on July 23, 2019, in which he informed the agency that he was taking an extended leave of absence due to his brother's death and that the appellant would not be available for a deposition until mid-September 2019; he traveled from Georgia to Florida to be with his family and to plan for his brother's funeral, which was held on July 27, 2019; on August 2, 2019, he received a voicemail from the administrative judge and

attempted to return the phone call but was told the administrative judge was not in the office; he has been experiencing depression, anxiety, and panic attacks since his brother's death; and he took a leave of absence until September 13, 2019. *Id.* at 14-16. Further, the appellant's representative has submitted a law enforcement report documenting his brother's death for the first time on review.[2] *Id.* at 13.

In its response to the appellant's petition for review, the agency asserts that the appellant's representative is not a sole practitioner but is the founder and managing attorney of a legal practice, and thus, he or a member of his practice had a duty to respond to the administrative judge's orders. PFR File, Tab 3 at 5 & n.2, 15-16. In addition, the agency argues that the appellant also had a duty to respond to the administrative judge's orders and that, although the agency agreed to an extension of deadlines, the agency is not responsible for prosecuting the appellant's case. *Id.* at 16-18. For the first time on review, the agency has submitted evidence regarding the legal practice of the appellant's representative. *Id.* at 20-31. The agency further has submitted for the first time on review a declaration from the appellant's supervisor confirming that, on or around July 30, 2019, she told the agency's representative that the appellant had been reporting to work every day during that time period and that there was no reason for his unavailability for a deposition until mid-September 2019. *Id.* at 32-33.

Notwithstanding the parties' arguments and submission of evidence on review, we find that the administrative judge abused his discretion in imposing the sanction of dismissal with prejudice for the following reasons. Specifically, we find that the record reflects that, until the agency filed a motion to compel the appellant to submit to a deposition, the parties had been independently engaging in the discovery process. IAF, Tab 11. Thus, we disagree with the administrative judge's finding that the appellant demonstrated an intent to abandon his appeal.

---

[2] In addition, the appellant's representative has submitted email correspondence between the parties concerning discovery that already is a part of the record before the administrative judge. PFR File, Tab 1 at 5-12; IAF, Tab 11 at 14-18, 24-27.

ID at 3. In addition, the Board's regulations contemplate that an administrative judge will not intervene in the discovery process unless a party files a motion to compel discovery. 5 C.F.R. § 1201.71; *see King v. Department of the Navy*, 98 M.S.P.R. 547, ¶ 10 (2005) (recognizing that the Board generally only becomes involved in discovery matters if a party files a motion to compel), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006); *see also* 5 C.F.R. § 1201.73(c), (d)(3) (containing instructions and time limits for filing and responding to a motion to compel). They further provide that, if an administrative judge grants a motion to compel discovery but a party fails to comply with an order compelling discovery, then the administrative judge may impose sanctions for such party's noncompliance. 5 C.F.R. § 1201.74(c).

Here, the agency filed its motion to compel while the case was in a suspended status. IAF, Tabs 10-11. The agency included with its motion a notice of the appellant's deposition that the agency had rescheduled for August 20, 2019. IAF, Tab 11 at 20. However, the initial decision was issued before that date. ID at 1. Even if, as described in the initial decision, the appellant and his representative failed to comply with the administrative judge's orders and did not respond to the agency's motion to compel, ID at 2-3, we find that, under the circumstances of this case, the administrative judge should have followed the Board's procedures described above for resolving discovery disputes by first ruling on the agency's motion to compel before imposing any sanctions, *cf. Smets v. Department of the Navy*, 117 M.S.P.R. 164, ¶ 12 (2011) (finding that the administrative judge did not abuse her discretion when she precluded the appellant from submitting additional evidence regarding her discrimination claim after the appellant did not comply with the administrative judge's order to appear for a deposition), *aff'd*, 498 F. App'x 1 (Fed. Cir. 2012).

Accordingly, we vacate the initial decision and remand the appeal to the regional office. *See, e.g.*, *Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶¶ 1, 14 (2010) (vacating the initial decision that dismissed the appeal for

failure to prosecute because the extreme sanction did not serve the ends of justice). In reaching this conclusion, we do not intend to imply that the appellant handled his appeal flawlessly.[3] On remand, the appellant must be diligent in complying with the administrative judge's orders and in pursuing his appeal to avoid the imposition of sanctions as necessary to serve the ends of justice.[4] *See id.*, ¶ 15.

---

[3] The record reflects that the appellant's representative erroneously provided his own email address instead of the appellant's email address when he registered the appellant as an e-filer on the initial appeal form. IAF, Tab 1 at 1-3. Thus, the appellant may not have received proper electronic service of documents in accordance with the Board's e-filing regulations set forth at 5 C.F.R. § 1201.14(e)(1), (j) (2019). *But see Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006) (stating that service on a party's designated representative will be imputed to the party). In light of our decision to remand the appeal, we need not determine whether the appellant's efforts to prosecute his appeal were thwarted without his knowledge by his representative's negligence. *See Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 13 (explaining that, although an appellant generally is responsible for the errors of his chosen representative, an exception may lie when the appellant establishes that his diligent efforts to prosecute an appeal were thwarted without his knowledge by his attorney's deceptions, negligence, or malfeasance), *aff'd. sub nom. Pacilli v. Merit Systems Protection Board*, 404 F. App'x 466 (Fed. Cir. 2010). On remand, the appellant or his representative shall update the appellant's e-filing status to correct his email address and shall notify the administrative judge and the agency of such change in accordance with 5 C.F.R. § 1201.14(e)(6).

[4] On remand, the administrative judge shall analyze the agency's chapter 43 case under the applicable elements as determined by the U.S. Court of Appeals for the Federal Circuit in *Santos v. National Aeronautics and Space Administration*, 990 F.3d 1355, 1360-61 (Fed. Cir. 2021). *Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 16 (stating that *Santos* applies to all pending cases, regardless of when the events at issue took place).

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.